**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS. A-3612-18
      A-5576-18
      A-1884-19
      A-2899-19

LYN ZIEVE,

  Petitioner-Appellant,

v.

BOARD OF TRUSTEES,
TEACHERS' PENSION AND
ANNUITY FUND,

  Respondent-Respondent.

_____

CAROL FLYNN,

  Petitioner-Appellant,

v.

BOARD OF TRUSTEES,
TEACHERS' PENSION AND
ANNUITY FUND,

  Respondent-Respondent.

_____

LYNN TOPP,

      Petitioner-Appellant,

v.

BOARD OF TRUSTEES,
TEACHERS' PENSION AND
ANNUITY FUND,

      Respondent-Respondent.

_____

KRISTEN BARRON-GEUBTNER,

      Petitioner-Appellant,

v.

BOARD OF TRUSTEES,
TEACHERS' PENSION AND
ANNUITY FUND,

      Respondent-Respondent.

_____

Argued August 23, 2021 – Decided September 2, 2021

Before Judges Whipple and Natali.

On appeal from the Board of Trustees of the Teachers' Pension and Annuity Fund, Department of the Treasury.

Kathleen Naprstek Cerisano argued the cause for appellants (Zazzali, Fagella, Nowak, Kleinbaum & Friedman, PC, attorneys; Kathleen Naprstek Cerisano, of counsel and on the briefs).

A-3612-18

Matthew Melton, Deputy Attorney General, argued the cause for respondent (Andrew J. Bruck, Acting Attorney General, attorney; Melissa H. Raksa, Assistant Attorney General, of counsel, Juliana C. DeAngelis, Deputy Attorney General, and Matthew Melton, on the briefs).

PER CURIAM

In Zilberberg v. Bd. of Trs., Tchrs.' Pension & Annuity Fund, ___ N.J. Super. ___ (App. Div. 2021) (slip op. at 1), appellant Zilberberg appealed from an administrative determination of the Board of Trustees Teachers' Pension and Annuity Fund (TPAF) rejecting her request that a portion of interest payments owed on her pension loan be waived. In 2004, Zilberberg secured a $26,860 pension loan from TPAF and retired after having made two payments through payroll deduction. The Division of Pensions and Benefits (Division) did not deduct Zilberberg's loan payments from her distributions once she had retired, and she did not inquire about her loan repayment status between 2004 and 2017.

In September 2017, the Division notified Zilberberg that an audit of pension loans revealed she owed an outstanding balance of $25,973.83 plus additional accrued interest of $21,227, for a total of $47,200.83. It also informed Zilberberg that it would begin deducting loan payments from her monthly retirement allowance to cover the repayment of principal and interest. She offered to repay the remaining balance and five years of interest, at four percent,

3

in a lump-sum payment if the Board of Trustees for TPAF (Board) would waive the interest accrued after the original five-year term. The Board rejected her offer and denied her request to waive the accrued interest assessed on her outstanding loan obligation. Notably, the State had entered into a closing agreement with the Internal Revenue Service (IRS) under which outstanding pension loans, plus interest, would be repaid to State-administered retirement systems, including TPAF, to protect their tax-qualified status.

Zilberberg appealed the Board's determination, and we affirmed the Board. "The Internal Revenue Code, § 72(p), N.J.S.A. 18A:66-35, N.J.S.A. 18A:66-35.1, and N.J.S.A. 18A:66-63 controlled the interest obligation, even though it was the Division's fault the payments were not deducted from appellant's pension checks." Zilberberg, slip op. at 2.

When a pension loan is not repaid within five years of its distribution, the loan funds are essentially converted to taxable income as a "deemed distribution." I.R.C. § 72(p)(2)(B) "sets forth an exception from a taxable deemed distribution for a loan from a qualified employer plan, provided the loan is repaid within five years." Zilberberg, slip op. at 2; I.R.C. § 72(p)(1) ("If during any taxable year a participant or beneficiary receives, directly or indirectly, any amount as a loan from a qualified employer plan, such amount

4

shall be treated as having been received by such individual as a distribution under such plan."). TPAF must be repaid to maintain the plan's tax-qualified status.

The Board's decision was not arbitrary, capricious, or unreasonable. The Board's decision in <u>Zilberberg</u> comported with the IRS mandate that TPAF repay the amount borrowed with interest thereon. We rejected Zilberberg's additional arguments as well.

In these four appeals, which we consolidate for the purposes of this opinion, we are presented with the same scenarios. Pursuant to <u>Rule</u> 2:8-3(b) and upon consideration of each record and the arguments presented in the briefs and during oral arguments, the court being satisfied that the issues may be summarily decided, we affirm for the reasons stated in <u>Zilberberg</u>.

I.

<u>Zieve v. Bd. of Trs., Tchrs.' Pension & Annuity Fund, Docket No. A-3612-18</u>

Lyn Zieve is a retired teacher who was formerly employed by the Howell Township Board of Education. She retired on August 1, 2004. In April 2004, shortly before her retirement, she applied for and received a pension loan from TPAF in the amount of $27,321. In accordance with the procedure to pay back the loan, two deductions of $314.90 were taken from each of Zieve's semi-

monthly paychecks. When Zieve retired, the Division did not continue the deductions into her pension checks and Zieve did not make any further payments to satisfy her debt once she retired. On October 13, 2017, the Division notified Zieve of this issue and informed her that she owed an outstanding balance of $26,938.91 on the principal and that $18,936.57 in interest had accrued since 2004. The Division informed her that she had to pay the outstanding balance plus interest within five years. In furtherance of that objective, the Division began to make deductions of $1,203.43 from her retirement benefits to meet the five-year requirement.

Zieve wrote to the Board challenging the additional interest that had accrued from 2004 to 2017 as well as the Division's decision to make the deductions from her pension checks. She did not inquire about the status of the repayment of her loan for the thirteen years in which interest accrued. Zieve later disputed the validity of the actions and requested that the Board waive the accrued interest because of the Division's error. The Board denied her request, citing the closing agreement between TPAF and the IRS. As noted, supra, the agreement set out steps for TPAF to take so that it could comply with I.R.C. § 72(p) to protect its tax-qualified status. Zieve challenged the Board's decision, and on March 11, 2019, in its Final Administrative Determination, the Board

again denied her request to waive the accrued interest. The Board also denied her request for information and documentation underlying the decision and did not include a copy of the closing agreement with the IRS (TPAF later provided the agreement in the appendix to its brief for this appeal). She appealed. For the reasons outlined in Zilberberg, we affirm.

II.

Flynn v. Bd. of Trs., Tchrs.' Pension and Annuity Fund, Docket No. A-5576-18

Carol Flynn is a retired teacher who was formerly employed by the Burlington City Board of Education. She retired on January 1, 2007, after taking a November 8, 2006 loan with TPAF in the amount of $23,620. The Division made only one deduction from Flynn's pre-retirement paychecks. From her retirement in 2007 until October 2017, no deductions were taken from her retirement benefits, and she made no payments on the loan for ten years. In October 2017, the Division notified Flynn that an audit of her TPAF account revealed an outstanding loan balance of $23,256.20 plus an additional $14,992.65 in interest that accrued over the ten-year period. To satisfy these debts, she was required to pay back the loan within five years, and, in furtherance of that objective, the Division began to deduct $944.97 from her pension checks.

She appealed to the TPAF Board of Trustees, challenging the additional interest that accrued from 2007 to 2017, as well as the Division's decision to make deductions from her pension checks. She also requested an updated balance on the principal and interest figures to reflect the monthly deductions taken from her checks between her January 2007 retirement and November 1, 2017. She then offered to make a one-time lump-sum payment toward the outstanding principal and requested a recalculation of interest. She sent a formal request that disputed the validity of the Board's actions and asked the Board to waive the accrued interest because of its error. The Board denied the appeal in its initial determination, and Flynn again challenged the ruling (based on the same reasons stated above in <u>Zieve</u>). On July 12, 2019, the Board issued its Final Administrative Determination denying Flynn's request to waive the additional accrued interest. This appeal followed. For the reasons outlined in <u>Zilberberg</u>, we affirm.

III.

<u>Topp v. Bd. of Trs., Tchrs.' Pension and Annuity Fund, Docket No. A-1884-19</u>

Lynn Topp is a former teacher and member of TPAF who was employed by the Caldwell-West Caldwell Board of Education. Prior to her July 1, 2006 retirement, in April 2006, she applied for and received a pension loan for $8,000.

8

One deduction was taken from appellant's final pre-retirement paycheck toward satisfying the debt. As in <u>Zilberberg</u>, <u>Zieve</u>, and <u>Flynn</u>, Topp's payments were not carried into her retirement and therefore were not deducted from her pension checks. From her retirement date on July 1, 2006, until September 12, 2017, the Board made no deductions toward satisfying Topp's pension loan. Topp was notified by the Division on September 12, 2017, of the error. As a consequence, she continued to owe $7,638.14 on the principal of the loan and $4,456.23 in interest that accrued over the eleven-year span. To satisfy this debt, appellant was required to pay back the loan within five years, and, in furtherance of that objective, the Division began to make $1,240.70 deductions from each of her pension checks.

On June 11, 2019, she appealed to the Board, challenging the additional interest that had accrued from 2006 to 2017 as well as the Division's decision to make the deductions from her pension checks. She requested that the Board waive the additional interest and reimburse her for the accrued interest taken from her pension checks from October 1, 2017, through July 1, 2018. The Board denied the appeal. Topp appealed again on October 4, 2019, and the Board summarily denied the appeal in its Final Administrative Determination.

The factual background here is virtually identical to the preceding two cases and Zilberberg, and for those reasons, we affirm.

IV.

Barron-Geubtner v. Bd. of Trs, Tchrs' Pension and Annuity Fund, Docket No. A-2899-19

Kristen Barron-Geubtner has been employed as a teacher for the Brigantine City Board of Education since September 1989. In May 2000, she applied for and received a pension loan from TPAF for $5,000. In November 2002, she applied for and received a second pension loan in the amount of $8,350. Salary deductions were taken from her paychecks through June 30, 2010. During that eight-year span, Barron-Geubtner twice went on unpaid maternity leave (July 1, 2004, to August 31, 2006, and again from December 1, 2006, to August 31, 2008). Deductions were not made during either period of her maternity leave. However, interest did accrue. After June 30, 2010, no repayments were deducted from her salary checks.[1]

Barron-Geubtner asserts she believed that between June 30, 2010, and January 2018 the loans had been fully repaid. However, she made no inquiries

---

[1] Unlike in the other cases, appellant Barron-Geubtner did not retire. The reason why the Division stopped taking deductions from her paychecks after June 30, 2010, is unclear.

to confirm her belief. In January 2018, the Brigantine City Board of Education notified her that the Division discovered an outstanding balance of $1,690.37 on the principal of the loans and $665.83 of additional interest that accrued from July 1, 2010, through January 31, 2018. The Division directed that three monthly deductions of $785.40 be taken from Barron-Geubtner's salary to satisfy the loans. Barron-Geubtner appealed the Division's determination to the Board and requested that the additional interest be waived and requested the interest payments deducted from her paychecks be reimbursed. The rest of the procedural history in this case is identical to those discussed above.

Barron-Geubtner's arguments are the same as those raised in the other cases. Although there are factual differences that distinguish this case from the others, it is identical in nearly every other way. Zilberberg directly addresses the issues posed.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3612-18